IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

ROBERT PARSONS )
    Plaintiff, )
)
v. ) Civil Action No. TMD 09-2632
)
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
    Defendant. )

MEMORANDUM OPINION GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Robert Parsons ("Plaintiff" or "Claimant") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C.§§ 401-433. Before the Court are Plaintiff's Motion for Summary Judgment (or Remand) (Pl.'s Mot. Summ., ECF No. 13), Defendant's Motion for Summary Judgment. (Def.'s Mot. Summ., ECF No. 28), and Plaintiff's Letter Reply (ECF No. 29).[1] No hearing is deemed

---

[1] Plaintiff does not raise any substantive issues in his Letter Reply but only indicates that he relies on his original Motion for Summary Judgment.

1

necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, Defendant's Motion for Summary Judgment is granted.

I. Procedural History

Plaintiff filed his applications for DIB and SSI on June 24, 2005 alleging disability since January 1, 2003 on the basis of Chronic Obstructive Pulmonary Disease ("COPD"), thyroid problems, high blood pressure and depression. R. at 83-89, 98-99, 353-56. Plaintiff's claims were denied initially and on reconsideration. R. at 53-54, 57-61. On May 8, 2007, a hearing was held before an administrative law judge ("ALJ") at which Plaintiff testified. R. at 470-90.[2] In a decision dated June 8, 2007, the ALJ denied Plaintiff's request for benefits. R. at 25-34. The Appeals Council denied review on February 5, 2009 making the ALJ's decision the final decision of the Commissioner subject to judicial review. R. at 9-12.

II. ALJ's Decision

The ALJ evaluated Plaintiff's claim for DIB and SSI using the sequential processes set forth in 20 C.F.R. § 404.1520 and §416.920. At the first step, the ALJ determined that Claimant had not continuously engaged in substantial gainful activity since his alleged onset date. At step two, the ALJ determined that Claimant suffered from the following severe impairments: COPD, neck/cervical pain s/p neck cancer, obesity and coronary artery disease with stenting. At step three, the ALJ found that his impairments did not meet or equal the Listings of Impairments set

---

[2] A vocational expert ("VE") was present but did not testify.

forth in 20 C.F.R. pt. 404, subpt, P, app. 1. The ALJ concluded at step four that Plaintiff is not capable of performing his past relevant work. At step five, the ALJ concluded that given his residual functional capacity ("RFC"), there are jobs that exist in significant numbers in the national economy that Claimant could perform. Accordingly, he concluded that Claimant was not disabled within the meaning of the Social Security Act. R. at 25-34.

### III. Standard of Review

The role of this court on review is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g)(1994 & Supp. V 1999); *Pass v. Chater*, 65 F.3d 1200, 1202 (4th Cir. 1995); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). It is such evidence that a reasonable mind might accept to support a conclusion, and must be sufficient to justify a refusal to direct a verdict if the case were before a jury. *Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). This court cannot try the case *de novo* or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. *Id*.

### IV. Discussion

Plaintiff contends that the case should case should be reversed or remanded because the

ALJ (1) failed to properly assess his depression; (2) failed to properly evaluate his RFC; (3) failed to fully develop the record; and (4) erred in using the medical-vocational guidelines.[3] For the reasons discussed below, Defendant's Motion for Summary Judgment is granted.

   A.   Depression and RFC

Claimant points to various pieces of evidence in the record discussing his depression and argues that the ALJ erred in finding that his depression did not constitute a severe impairment at step two of the sequential evaluation; and therefore erred by failing to consider his depression in combination with his other impairments. An impairment is not severe if it is only a slight abnormality and there is no more than a minimal effect on an individual's ability to work. *See Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984).

The ALJ noted Claimant's allegation that his depression limits his ability to work. R. at 29. He specifically considered the evidence in the record pertaining to depression. He noted that Claimant never sought out or received any treatment, therapy or counseling for mental health impairments. R. at 29, 488. *See Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (noting that the inconsistency between plaintiff's allegations about the severity of an impairment and the actual treatment is probative of credibility). Plaintiff points to the fact that he was prescribed Lexapro which did not go unnoticed by the ALJ. In fact, the ALJ noted this prescription from his primary care physician and the fact that it was *prior* to the period at issue. R. at 29, 218-26. He also noted that there had been no medication adjustments or documented

---

[3] Because of the overlap of issues, the first two arguments will be addressed together.

symptoms. *Id.* Significantly, the ALJ noted that at various office visits, psychiatric symptoms were addressed and denied. R. at 29, 219, 222, 223, 225. Indeed, Plaintiff testified that his depression makes him "down and out all the time" which was said to be due to his bereavement related to the loss of his father, mother and dog. R. at 488. Moreover, he continued to take care of his personal needs, attend doctors' appointments, prepared meals, shopped and took medication without assistance. R. at 29, 30, 105, 107, 133, 135. He also indicated that he gets along well with authority figures and handles change in routine well. R. at 111. Substantial evidence supports the ALJ's determination that if Claimant had an affective disorder, it was entirely managed with medication during the relevant period and imposed no limitation on his ability to work. R. at 29. There is no indication that Plaintiff's depression limited him in his ability to perform basic work activities.

    B.    <u>Duty to Develop the Record</u>

Plaintiff also argues that the ALJ should have ordered a psychiatric consultative examination and should have used a Psychological Review Technique Form ("PRTF"). First, the regulations state that the ALJ has discretion in deciding whether to order a consultative examination. *See* 20 C.F.R. §§ 404.1519a, 416.919a (2002). The regulations further provide that a consultative examination is required when the evidence as a whole is insufficient to support a decision. *See id.* The Court does not find that the ALJ was under a duty to order a consultative examination in these circumstances. Plaintiff points to the ALJ's finding that the most compelling reason not to order a consultative examination was based on Claimant's ability to support himself as a "skilled electrician." R. at 29-30. The Court finds that the ALJ's finding

5

in this regard is supported by substantial evidence. As the Commissioner points out, Claimant testified that he worked as an electrician and that after instruction from a supervisor, he could independently perform the electrical work himself. R. at 476; *see also* R. at 157 (plaintiff's work background report describing duties as wiring houses and commercial buildings, digging trenches, lifting heavy spools of wire, burying pipe, pulling cable, etc.). In addition, Claimant described his work as an electrician (at various companies) indicating that his duties included drilling holes, pulling and stapling wires, putting wires in boxes and panels, stripping wires and installing electrical devices, hooking up panels, sweeping floors, hanging metal pipe and pulling wires through pipe. R. at 99, 114-18.[4] Furthermore, it was not this finding alone upon which the ALJ based his decision not to order a consultative examination.[5] As the decision clearly indicates despite poor grades in school, the ALJ noted Claimant was not assigned to special education classes, that no treating source has suggested he suffers from intellectual deficits, he lived alone and cared for his parents at times, he drives a car, handles his finances and enjoys hobbies. R. at 29-30.[6] [7]

---

[4] The Court has reviewed the additional evidence submitted to and received by the Appeals Council in which Claimant's past employer describes his job as a laborer and not an electrician. Regardless of the label attached to the job performed by Claimant, the Court finds that the ALJ's finding that a consultative examination was not warranted is supported by substantial evidence. Clearly, the testimony from Claimant himself and his own description of his job duties support the ALJ's findings. The Court finds that even assuming the ALJ's citation to Claimant as a "skilled" electrician was inaccurate, the error was harmless based on the detailed discussion above.

[6] Based on the Court's finding above regarding Plaintiff's depression, the Court further finds that the ALJ's RFC assessment as it related to depression is not in error.

[7] With respect to a PRTF, in cases where a medically determinable mental impairment is alleged, the ALJ must follow special procedures, including the preparation of a PRTF. Because the ALJ found Claimant's depression to be non-severe, no PRTF was needed.

6

C. <u>Guidelines</u>

Plaintiff also argues that because the ALJ failed to properly evaluate his depression as a non-exertional impairment, he incorrectly used the Medical-Vocational Guidelines (the "Grids"). First, based on the discussion above, the ALJ did not err because he properly found that Plaintiff's depression did not constitute a severe impairment.[8] Furthermore, the ALJ did find that Claimant suffers from an environmental non-exertional limitation.[9] R. at 33. Accordingly, the regulations permits an administrative law judge to consult the Grids as a framework for considering "how much the individual's work capability is further diminished ... by the nonexertional limitations." 20 C.F.R. pt. 404, subpt. P, app.2, § 200.00(e)(2)(2005). That is precisely what the ALJ did. *See* R. at 33 (ALJ relying on SSR 85-15 in finding that Claimant's environmental limitations, such as his need to avoid concentrated exposure to irritants, has little effect on the world of light work"). Accordingly, the Court finds the ALJ did not err in his use of the Grids.

V. <u>Conclusion</u>

---

[8] Even if Claimant's depression could be said to constitute a nonexertional impairment, the Commissioner may nevertheless rely exclusively on the grids when the ALJ determines that the nonexertional impairment does not *significantly affect* the claimant's residual functional capacity. *See Newton v. Apfel,* 209 F.3d 448, 458 (5th Cir.2000), citing *Fraga v. Bowen,* 810 F.2d 1296, 1304 (5th Cir.1987).

[9] "Nonexertional" refers to work-related limitations and restrictions that are not exertional, such as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling. Environmental restrictions are also considered to be nonexertional. Social Security Ruling 96-9P (1996), 1996 WL 374185, at *5. *See also* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(e) (2005) (Nonexertional impairments are those which do "not result in [strength] limitations, e.g. certain mental, sensory, or skin impairments. In addition, some impairments may result solely in postural and manipulative limitations or environmental limitations.").

Based on the foregoing, Defendant's Motion for Summary Judgment is GRANTED. A separate order shall issue.


Date: September 29, 2011 _____/s/_____
THOMAS M. DIGIROLAMO
United States Magistrate Judge


Copies to:
Frederick A. Raab
Mignini & Raab, LLP
606 Baltimore, Ave., Suite 100
Towson, MD 21204

Allen F. Loucks
Assistant United States Attorney
United States Courthouse
101 West Lombard Street